IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **LOUIE HARGROVE,**  :  <br>  :  <br>    **Plaintiff,**  :  <br>  :  <br>    v.   :  <br>  :  <br> **RIVER EDGE BEHAVIORAL**   :  <br> **HEALTH CENTER,**   :  <br>  :  <br>    **Defendant.**   :  <br>  : | **Civil Action No.**<br>**5:07-CV-407 (CAR)** |

### ORDER ON MOTION FOR SUMMARY JUDGMENT

Currently before the Court is Defendant's Motion for Summary Judgment [Doc. 32]. Plaintiff, acting *pro se*, failed to file a timely response to Defendant's motion. Plaintiff's untimely Response [Doc. 36] was filed, without an extension of time, two months after the present motion. Defendant thereafter filed a timely Reply [Doc. 37]. Even if this Court is to consider the late response,[1] the Court finds that Plaintiff's claims are time barred. Defendant's motion is, therefore, **GRANTED**.

### STANDARD OF REVIEW FOR SUMMARY JUDGMENT

Summary judgment must be granted if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548 (1986); Johnson v. Clifton, 74 F.3d 1087, 1090 (11th Cir.1996). In reviewing a motion for summary judgment, the court must view the evidence and all justifiable inferences in the light most favorable to the nonmoving party, but the court may not make credibility determinations or weigh the evidence. See id. at 254-55; see also Reeves v. Sanderson

---

[1] The Court notes that, through his Response, Plaintiff solely attempts to dispute some facts and argue that "Defendant did not comply with discovery." Any discovery issues properly brought to the attention of this Court have been resolved through other Orders.

Plumbing Prods., Inc., 530 U.S. 133, 150, 120 S.Ct. 2097 (2000). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact" and that entitle it to a judgment as a matter of law. Celotex, 477 U.S. at 323.

If the moving party discharges this burden, the burden then shifts to the nonmoving party to go beyond the pleadings and present specific evidence showing that there is a genuine issue of material fact (i.e., evidence that would support a jury verdict) or that the moving party is not entitled to a judgment as a matter of law. See Fed.R.Civ.P. 56(e); see also Celotex, 477 U.S. at 324-26. This evidence must consist of more than mere conclusory allegations or legal conclusions. See Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir.1991). Summary judgment must be entered where "the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." Celotex, 477 U.S. at 323.

## FACTUAL & PROCEDURAL HISTORY

The present case arises out of the termination of Plaintiff Louie Hargrove from his position of "outreach worker" with Defendant River Edge Behavioral Health Center. Plaintiff was employed by Defendant for almost seventeen years and held a number of different posts during his tenure. Plaintiff now claims that, while employed by Defendant, he was unfairly denied job promotions and pay raises and ultimately terminated without cause. Defendant denies any allegations that Plaintiff was not given full opportunity to receive pay raises and promotion and explains that Plaintiff was in fact terminated after an investigation revealed that he falsified records of home visits with patients. This falsification, Defendant contends, not only meant that Plaintiff had not done his job and was paid for work he did

not do but also caused Defendant to submit fraudulent billings to Medicaid.

Plaintiff was placed on administrative leave on May 22, 2006, while Defendant investigated the fraud allegations against him. He was subsequently discharged on July 21, 2006. Plaintiff, thereafter, filed an administrative appeal with the State Personnel Board, which conducted an administrative hearing on December 13, 2006. The initial Administrative Law Judge (ALJ) found that Plaintiff committed acts constituting negligence or inefficiency in performing his duties, misconduct, and conduct reflecting discredit upon his employer. The ALJ concluded, therefore, that Plaintiff was justly discharged. Plaintiff appealed this initial decision to the full State Personnel Board, and the decision was upheld. Plaintiff then appealed the Board's decision to the Superior Court of Bibb County, Georgia, where the ALJ's initial findings were again affirmed.

Having lost in the state venues, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on February 24, 2007.[2] Therein, Plaintiff alleged, for the first time, that the employment decisions made by Defendant were actually discriminatory. The EEOC executed its Dismissal and Notice of Rights for the charge on August 17, 2007. Plaintiff then filed the present action alleging discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e, et. seq. In his Complaint, Plaintiff specifically alleges that Defendant failed to promote him because of his race and gender[3] and thereafter retaliated against him, by firing him, as part of a discriminatory "plot" to hire white females in the department.

---

[2] Plaintiff did not file a charge of discrimination with the Georgia Commission on Equal Opportunity.

[3] While the Complaint notes a possible claim for age discrimination, this Court could not make out any facts to support such a claim under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, et seq.

**DISCUSSION**

Through the motion at bar, Defendant initially argues that, under the *Rooker-Feldman* doctrine, the prior Order of the Superior Court of Bibb County deprives this Court of subject-matter jurisdiction over the present action. "The essence of the *Rooker-Feldman* doctrine is that a United States District Court has no authority to review final judgments of a state court in judicial proceedings. Review of such judgments may be had only in the United States Supreme Court." Narey v. Dean, 32 F.3d 1521, 1524 (11th Cir. 1994) (quoting District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482, 103 S.Ct. 1303, 1315, 75 L.Ed.2d 206 (1983) (internal quotes omitted)). Inasmuch, "[f]ederal district courts are without jurisdiction to 'decide federal issues that are inextricably intertwined with a state court's judgment.'" Id. at 1525 (quoting Liedel v. Juvenile Court of Madison County, 891 F.2d 1542, 1545 (11th Cir.1990)). Defendant contends that the *Rooker-Feldman* doctrine, while not applying to state administrative decisions, applies to cases, like this one, where the decision of a state agency has been upheld by a state court. Narey v. Dean, 32 F.3d at 1525. Under such circumstances, "a challenge to the agency's decision necessarily involves a challenge to the judgment of the state court." Id.

Defendant, however, has overlooked one minor detail. Application of the *Rooker-Feldman* doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered *before* the district court proceedings commenced." Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 125 S.Ct. 1517, 1521-22, 161 L.Ed.2d 454 (2005) (holding that the doctrine did not apply because the federal suit was filed before the state court judgments were rendered) (emphasis added); see also Artistic Entertainment, Inc. v. City of Warner Robins, 134 Fed. Appx. 306, 308 (11th Cir. 2005) (holding that because federal case was filed before and ran parallel to the state court action, the *Rooker-Feldman* doctrine did not apply). Plaintiff's Complaint in this case was filed on October 29, 2007. The state court judgment was not entered until

4

six months later, on May 2, 2008. Thus, *Rooker-Feldman* cannot be properly applied in this case.

Having determined that this Court is not deprived of subject matter jurisdiction by the state court judgment, the Court next turns to Defendant's contention that Plaintiff's Title VII claims are procedurally barred for failure to exhaust Title VII's administrative remedies, as Plaintiff did not file a charge of discrimination with the EEOC within the time permitted required by the statute. See 42 U.S.C.A. § 2000e-5(e)(1) (West 2000).

It is well-settled that, before suing under Title VII, a plaintiff must first exhaust his or her administrative remedies. Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1317 (11th Cir. 2001) (citing Crawford v. Babbitt, 186 F.3d 1322, 1326 (11th Cir. 1999)). Exhaustion requires that a plaintiff file a charge of discrimination with the EEOC. Id. (citing 42 U.S.C. § 2000e-5(b) (1994); Alexander v. Fulton County, 207 F.3d 1303, 1332 (11th Cir. 2000)). In Georgia, a plaintiff must generally do so within 180[4] days "after the alleged unlawful employment practice occurred." See 42 U.S.C.A. § 2000e-5(e)(1); Watson v. Blue Circle, Inc., 324 F.3d 1252, 1258 (11th Cir. 2003). If a plaintiff fails to file before this time elapses, his claim is untimely and cannot form the basis of a Title VII claim. Alexander, 207 F.3d at 1332.

Here, the record shows that Plaintiff did not file his charge with the EEOC until February 24, 2007. In his Complaint, Plaintiff claims that the culmination of the alleged period of discrimination was on July 21, 2006, the date of his discharge. Thus, even using this latest possible date, it appears that the EEOC charge was filed 233 days after the alleged unlawful employment practice occurred, a

---

[4] Under federal law, the plaintiff generally exhaust his or her administrative remedies within either 180 or 300 days "after the alleged unlawful employment practice occurred." 42 U.S.C.A. § 2000e-5(e)(1) (West 2000). The 300-day time period is utilized in those states that have entities with the authority to grant or seek relief with respect to unlawful employment practices and an employee files a grievance with that agency; in all other states, known as "non-deferral states," the charge must be filed within 180 days. Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109 (2002). Because Georgia is a non-deferral state, the 180-day time period applies. Watson v. Blue Circle, Inc., 324 F.3d 1252, 1258 (11th Cir. 2003); see also Bennett v. Chatham County Sheriff Dept., Slip Copy, 2008 WL 4787139 *7 (11th Cir Nov. 4,2008).

date well-beyond the 180-day time limit.  Plaintiff's Title VII claims are, therefore, time barred.[5]  See Strozier v. General Motors Corp., 442 F.Supp. 475, 478 (N.D. Ga. 1977) (action barred where employee filed charge with EEOC only 183 days after date of allegedly discriminatory discharge).

For this reason, Defendant's Motion for Summary Judgment is **GRANTED**.

SO ORDERED this 17th day of December, 2008.

S/  C. Ashley Royal
C. ASHLEY ROYAL
United States District Judge

JLR/car

---

[5] To the extent that Plaintiff has properly stated any age discrimination claims under the ADEA, the same time bar would apply.  See Jones v. Dillard's, Inc., 331 F.3d 1259, 1263 (11th Cir. 2003); 29 U.S.C. § 626(d)(1).